UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GIBSON LEMONS, JR., | No. 2:15-cv-1214 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff argues that the Administrative Law Judge's treatment of the medical opinion evidence constituted error. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In March of 2014, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on September

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 5 & 10.)

1

29, 2011.[2]  (Transcript ("Tr.") at 21, 180-86.)  Plaintiff's application was denied initially.  (Id. at 78-81.)  Thereafter, plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on November 10, 2014.  (Id. at 38-64.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 39-40.)

In a decision issued on January 5, 2015, the ALJ found that plaintiff was not disabled.  (Id. at 33.)   The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since December 22, 2013, the alleged amended onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: lumbar and cervical spine degenerative disc disease, obesity, bipolar disorder, depression NOS, and personality disorder (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he must avoid contact with the public as part of his job duties.
>
> 6. The claimant is capable of performing past relevant work as a date entry clerk and procurement clerk.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from December 22, 2013, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 23-33.)

On April 6, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's January 5, 2015 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 5, 2015.  (ECF No. 1.)

////

---

[2]  Plaintiff later amended the disability onset date to December 22, 2013.  (Tr. at 23.)

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

////

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 17) at 13-18.[3]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

////

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Here, plaintiff argues that the ALJ failed to properly evaluate the opinions of Dr. M. Wolf and Dr. Brenda Jensen.[4]  (Pl.'s MSJ (ECF No. 17) at 13-18.)  The ALJ's decision discussed these opinions, stating:

> The claimant's allegations would find support in the opinions of treating physicians.  However, these opinions are given little weight.  M. Wolf, MD opined in April 2014 that the claimant was unemployable for the foreseeable future; unable to maintain steady employment due to paranoid delusions and trouble concentrating.
>
> In June 2014, Brenda Jensen, MD opined that the claimant has marked limitations in understanding and memory, concentration and persistence, social interactions and adaptation.  He would likely miss work more than three times per month.

(Tr. at 30.)

The ALJ's decision then criticized Dr. Wolf's opinion as "not a medical opinion," but instead "an administrative finding . . . . reserved to the Commissioner and . . . not entitled to any special weight."  (Id.)  "'In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work.'"  Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)).  In this regard, it is well-established that an ALJ may not "simply reject a treating physician's opinions on the ultimate issue of disability."  Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014); see also Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012) ("Dr. Johnson's statement that Hill would be 'unlikely' to work full time was not a conclusory statement like those described in 20 C.F.R. § 404.1527(d)(1), but instead an assessment, based on objective medical evidence, of Hill's likelihood of being able to sustain full time employment given the many medical and mental impairments Hill faces and her inability to afford treatment for those conditions.").

The ALJ's decision next found that Dr. Jensen was not a treating physician because she appeared "to have only seen the claimant for a brief, one-month period between May 22, 2014 and June 27, 2014."  (Tr. at 30.)  As the Ninth Circuit has explained:

---

[4] Although the court would normally address these opinions separately, the ALJ's treatment of these opinions significantly overlaps.  (Tr. at 30.)

> It is not necessary, or even practical, to draw a bright line distinguishing a treating physician from a non-treating physician. Rather, the relationship is better viewed as a series of points on a continuum reflecting the duration of the treatment relationship and the frequency and nature of the contact.

Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1038 (9th Cir. 2003); see, e.g., Le v. Astrue, 529 F.3d 1200, 1201 (9th Cir. 2008) (treating physician despite only five visits over three years); Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994) (treating physician despite only two visits over 14 months).[5]

The ALJ's decision then criticized the opinions of Dr. Wolf and Dr. Jensen as having "apparently relied quite heavily on" plaintiff's "subjective report of symptoms and limitations, and seemed to accept uncritically as true most, if not all, of what the claimant reported." (Tr. at 30.) It is not clear, however, why the ALJ believed the physicians accepted plaintiff's statements uncritically as opposed to basing their opinions on their own observations.

In this regard, Dr. Wolf was plaintiff's treating physician. He had been treating plaintiff for over eight months at the time of his April 25, 2014 opinion. (Id. at 779.) Plaintiff visited Dr. Wolf for treatment on several occasions prior to Dr. Wolf rendering his opinion.[6] (Id. at 692, 748, 779, 960.)

Dr. Jensen's opinion reflected that some of "the signs and symptoms" that supported her opinion included, "abnormal affect—constricted," motor tension, illogical thinking, "psychomotor abnormalities—agitation," "easy distractibility," and "poor memory—immediate, recent." (Id. at 2240.) It is not clear why the ALJ found that these signs and symptoms could only be based on plaintiff's reports rather than Dr. Jensen's observations. Dr. Jensen's opinion also stated, "MSE consistent with above symptoms."[7] (Id. at 2241.) "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." Ghanim, 763 F.3d at 1162.

---

[5] Whether Dr. Jensen was a treating or examining physician does not change the standard applied to the ALJ's decision. See Lester, 81 F.3d at 830-31.
[6] Dr. Wolf's opinion acknowledges that plaintiff had been psychiatrically hospitalized on three occasions. (Id. at 1760.)
[7] Here, "MSE" presumably stands for Mental Status Examination.

The ALJ's decision went on to state that the doctors' "own findings on examinations fail to support" their opinions, as they "include few specific objective findings" in support. (Tr. at 30.) The ALJ then provides examples of findings reflected in the doctors' treatment notes.

It should be acknowledged that "[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel—not to provide evidence for disability determinations." Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007). In this regard, that a plaintiff's impairments were not triggered or exacerbated by attending an appointment with a treating physician should not negate the treating physician's opinion that the plaintiff's impairments would prevent him from functioning in a work environment. Dr. Jensen's opinion specifically noted that "[p]laintiff's symptoms dramatically worsen in [a] work setting with more psychosis, anxiety and mood symptoms." (Tr. at 2241.)

Moreover, "[i]t has often been recognized that mental disorders cannot be ascertained and verified to the same degree as physical impairments." Hartman v. Bowen, 636 F. Supp. 129, 132 (N.D. Cal. 1986); see also Williams v. Colvin, No. ED CV 13-1657 DFM, 2014 WL 4215550, at *4 (C.D. Cal. Aug. 25, 2014) ("Psychiatric impairments are not as amenable to substantiation by objective laboratory testing as are physical impairments."); Adams v. Astrue, No. C12-901-RSM BAT, 2013 WL 308965, at *2 (W.D. Wash. Jan. 7, 2013) ("a diagnosis of PTSD or depression must inherently rely upon a patient's subjective self-report").

For the reasons stated above, the court finds that the ALJ failed to offer specific and legitimate, let alone clear and convincing, reasons for rejecting the opinions of Dr. Wolf and Dr. Jensen.[8] Accordingly, plaintiff is entitled to summary judgment on his claim that the ALJ's treatment of the medical opinion evidence constituted error.

////

---

[8] The only opinion as to plaintiff's mental impairments relied upon by the ALJ was the opinion of a nonexamining physician, to which the ALJ afforded "significant weight." (Tr. at 29.) However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester, 81 F.3d at 831. In this regard, in the absence of an opinion by another doctor contradicting the opinions of Dr. Wolf and Dr. Jensen, it appears that the ALJ had to meet the clear and convincing standard.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff requests that this "matter be remanded for a new hearing and decision" and that the opinions of Dr. Wolf and Dr. Jensen "are either credited as true or, if given diminished weight, that the ALJ offer factually accurate and legally sufficient grounds for doing so." (Pl.'s Reply (ECF No. 19) at 4-5.) The court agrees that this is the appropriate resolution and will remand this matter for further proceedings consistent with this order.[9]

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 18) is denied;

---

[9] Specifically, the court would note that this determination, as opposed to an immediate award of benefits, is especially appropriate in light of the ALJ's finding—and related evidence—that plaintiff's allegations were "not entirely credible." (Tr. at 27-30.)

3.  The Commissioner's decision is reversed; and

4.  This matter is remanded for further proceedings consistent with this order.

Dated: March 8, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\lemons1214.ord